

UNITED STATES OF AMERICA

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:23-cr-00034-01 |
| | * | |
| VERSUS | * | JUDGE SUMMERHAYS |
| | * | |
| KANE MILLER | * | MAGISTRATE JUDGE WHITEHURST |

<u>PLEA AGREEMENT</u>

A.  INTRODUCTION

1. This document contains the complete plea agreement between the government and KANE MILLER, the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

B.  THE DEFENDANT'S OBLIGATIONS

1. The defendant, KANE MILLER, shall appear in open court and plead guilty to count(s) 1, 2, and 3 of the superseding indictment pending in this case.

C.  THE GOVERNMENT'S OBLIGATIONS

1. If the defendant completely fulfills all obligations and agreements under this plea agreement, the government agrees to dismiss the remaining count(s) of the superseding indictment after sentencing, and it will not prosecute the defendant for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the superseding indictment.

2. The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently.

D.  SENTENCING

KANE MILLER understands and agrees that:

1. The maximum punishment on count 1 is a term of imprisonment of not less than 10 years, nor more than life (pursuant to 18 U.S.C. §2422(b)) and a fine of not more than $250,000 (pursuant to 18 U.S.C. §3571);

2. The maximum punishment on counts 2 and 3 is a term of imprisonment of not less than 15 years, nor more than 30 years (pursuant to 18 U.S.C. §2251(a)) and a fine of not more than $250,000 (pursuant to 18 U.S.C. §3571);

3. As to Count 1, the defendant shall be required to pay a special assessment of $100 **at the time of the guilty plea** by means of a cashier's check, official bank check, or money order payable to "Clerk, U.S. District Court";

4. As to Counts 2 and 3, the defendant shall be required to pay a special assessment of $100.00, per 18 U.S.C. § 3013, or if the defendant is non-indigent $5,000.00 pursuant to 18 U.S.C. § 3014. The Court may order an additional special assessment of up to $50,000.00 pursuant to 18 U.S.C. § 2259A.

5. The defendant may receive a term of supervised release of not less than 5 years nor more than life in length in addition to any term of imprisonment imposed by the Court;

6. A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

7. The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court, regardless of the amount of time of the supervised release the defendant has successfully completed;

8. In addition to the penalties set forth in the preceding paragraphs, the Court must order restitution in this case, and the defendant agrees that restitution in this case is not limited to the amounts or victims referred to in the specific charge(s) to which the defendant has pled guilty, and will be determined by the Court after a complete review of the evidence developed in the investigation of this case by the

government and further investigation by the United States Probation Office as contained in the Presentence Report;

9. Any fine and/or restitution imposed as part of the defendant's sentence will be made due and payable immediately, the defendant will be held liable for all restitution jointly and severally with all co-defendants, and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

10. The defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on him/her to be used in consideration of his ability to pay restitution or fine that may be imposed by the Court;

11. As part of the presentence investigation, the government will make available to the Court all evidence developed in the investigation of this case;

12. This case is governed by the Sentencing Reform Act as modified by United States v. Booker, 543 U.S. 220 (2005), and the defendant has discussed the Sentencing Guidelines and its applicability with his counsel and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

13. The sentencing judge alone will decide what sentence to impose; and

14. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E.  Pursuant to 18 U.S.C. § 2250, the following paragraph must be added in certain sex offender cases:

ADAM WALSH ACT REGISTRATION REQUIREMENTS

1.  The defendant has been advised and understands that pursuant to 18, United States Code, Sections 2250 and 3583(d), he must register and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student. The defendant understands that the requirements for registration include providing his name, residence address, and the names and addresses of any place where he is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects him to prosecution for failure to register, which is punishable by a fine or imprisonment or both.

F.  REINSTATEMENT OF ORIGINAL SUPERSEDING INDICTMENT

1.  KANE MILLER understands and agrees that should this plea be overturned for any reason at a later date, the superseding indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the government.

G.     ENTIRETY OF AGREEMENT

This plea agreement consists of this document and any addendum required by Standing Order 1.86. The defendant, the defendant's attorney, and the government acknowledge that this plea agreement is a complete statement of the parties' plea agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

H.     SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, KANE MILLER. I concur in KANE MILLER pleading guilty as set forth in this plea agreement.

Dated: 08.30.2023

J. CLAY LEJEUNE, LA Bar No. 26068
J. Clay LeJeune Attorney at Law, LLC
2304 Kaliste Saloom Road
Lafayette, LA 70508
Telephone: (337) 484-1430
Counsel for Defendant

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 8.30.2023

KANE MILLER
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

Dated: 9/12/23

J. LUKE WALKER, LA Bar No. 18077
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Telephone: (337) 262-6618